UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NOS. 3:18-CR-00263-01 AND 3:18-CR-00264-01 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| CHANEL PAMELA GRAY (01) | MAG. JUDGE KAREN L. HAYES |

MEMORANDUM RULING

Pending before the Court is Defendant Chanel Pamela Gray's ("Gray") Letter Motion for Compassionate Release [Doc. No. 15 in 18-CR-00263 and Doc. No. 13 in 18-CR-00264] filed on September 28, 2020. For the reasons set forth herein, the motion is DENIED.

I.     BACKGROUND

On March 23, 2016, Gray pled guilty in the Middle District of Louisiana to the charge of Possession of More than 15 Unauthorized Access Devices in violation of 18 U.S.C. 1029(a)(3). (approximately 3,300 account numbers for telecommunication services in the State of California). Gray was sentenced to 51 months imprisonment in the custody of the Bureau of Prisons ("BOP") and 36 months of supervised release.

Gray's supervised release began on August 16, 2018 and on October 2, 2018. Supervision was transferred to the Western District of Louisiana [Doc. No. 1]. On May 28, 2019, a petition to revoke her supervised release was filed [Doc. No. 6].

On July 3, 2019 [Doc. No. 12], a Judgment on Revocation was signed revoking Gray's supervised release and sentencing Gray to 24 months in the custody of the BOP, to run concurrently with any sentence imposed in Docket No. 18-cr-000263.

On September 28, 2020, Gray filed the pending Letter Motion for Compassionate Release [Doc. No. 13]. In her Motion, Gray maintains family circumstances warrant a reduction. Gray states that her mother, Linda Brown, passed away on March 27, 2020. Gray states that her mother was part of the support of her 14 year old autistic son, who now lives with her 94 year old father (who has been placed on hospice) in California. Gray argues that she is needed at home for her son's therapy.

The Government filed a Response [Doc. No. 15] asking that Gray's Letter Motion for Compassionate Release be denied. The Government concedes that Gray's family circumstances comprise an "extraordinary and compelling reason" under 18 U.S.C. § 3582(c)(1)(A), but argue that Gray has not demonstrated that she is not a danger to the safety of any other person or to the community, and/or that Gray's release is consistent with 18 U.S.C. § 3553(a) factors.

## II.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Government concedes that Gray has exhausted her administrative remedies in submitting a request for relief to BOP on August 18, 2020. The request is still pending and has neither been denied nor granted. Since more than 30 days have now elapsed since the filing of Gray's request to the Warden of Gray's facility, FCI Aliceville, Aliceville, AL. Gray has exhausted her administrative remedies.

*United States v. Franco*, ___ F3d ____, 2020 WL 5249369 (5th Cir. Sept. 3, 2020); 18 U.S.C. § 3582(c)(1)(A).

## III.  LAW AND ANALYSIS

A judgment, including a sentence of imprisonment, "may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 825(2010). Under

18 U.S.C. § 3582(c), a court generally "may not modify a term of imprisonment once it has been imposed," except in three circumstances: (1) upon a motion for reduction in sentence under 18U.S.C. § 3582(c)(1)(A); (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); and (3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. §3582(c)(2). Gray moves to modify her sentence under 18 U.S.C. § 3582(c)(1)(A).

Prior to 2018, only the Director of the BOP could file these kinds of compassionate release motions. In 2018, Congress passed and President Trump signed the First Step Act, which among other actions, amended the compassionate release process. The First Step Act, § 3852(c)(1)(A), now allows prisoners to directly petition courts for compassionate release, upon exhausting their administrative remedies.

After a prisoner exhausts his administrative remedies, a district court may reduce a defendant's term of imprisonment if the court finds "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3852(c)(1)(A)(i).

### A.    Extraordinary and Compelling Circumstances

The Sentencing Commission's policy statement regarding compassionate release is consistent with the statute and provides, in pertinent part, as follows:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1)   extraordinary and compelling reasons warrant the reduction; ....

>   (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
>   (3) the reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

In the commentary following the policy statement, the Sentencing Commission identifies three specific reasons that are considered "extraordinary and compelling" as well as one broader provision for reasons deemed "extraordinary and compelling":

>   1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2) [regarding absence of danger to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
>      (A) <u>Medical Condition of the Defendant.</u>—
>
>         (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end stage organ disease, and advanced dementia.
>
>         (ii) The defendant is—
>
>            (I) suffering from a serious physical or medical condition,
>
>            (II) suffering from a serious functional or cognitive impairment,
>
>            or
>
>            (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

 (B) <u>Age of the Defendant.</u>—The defendant

  (i) is at least 65 years old;

  (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and

  (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

 (C) <u>Family Circumstances.</u>

  (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

  (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

 (D) <u>Other Reasons.</u>

  As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G § 1B1.13cmt. n. 1.

 The defendant bears the burden to establish circumstances exist under which she is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). *United States v. Ennis*, EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release.") (citing *United States v. Stowe*, No. CR H-11-803 (1), 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019)); *United States v. Wright,* Crim. Action No. 16-214-04, 2020 WL1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute.").

 The Government concedes that Gray's reasons establish "extraordinary and compelling

5

circumstances" pursuant to Gray's family circumstances.

## IV.     DANGER TO THE COMMUNITY AND 18 U.S.C. § 3553(a) FACTORS

Although the Government concedes Gray has established "extraordinary and compelling circumstances", it maintains Gray has not demonstrated that she is not a danger to the safety of any other person, or to the community, and that her release is consistent with 18 U.S.C. 3553(a) factors. This Court agrees.

### 1.     Danger to the Community

Even though Gray meets her burden on family circumstances, the Court must also consider whether she remains a danger to the community. The Court must consider whether a prisoner remains a danger to the community before granting compassionate release, as required by U.S.S.G. § 1B1.12(2), which refers to 18 U.S.C.§ 3142(g). Furthermore, 18 U.S.C. § 3582 and the policy statement require the Court to consider the sentencing factors set forth in 18 U.S.C. § 3553(a).

Section 3142(g) sets out the factors courts must consider in deciding whether to release a defendant pending trial. The factors to be considered in weighing a petitioner's danger to the community include "the nature and circumstances of the offense charged," "the history and characteristics of the person," including "the person's character, physical and mental condition, family ties, ... community ties, past conduct, history relating to drug or alcohol abuse, [and] criminal history," and "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." Similarly, § 3553(a), which sets forth the factors to consider in initially imposing a sentence, requires the Court to consider:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant; [and]

(2) the need for the sentence imposed –

    A. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    B. to afford adequate deterrence to criminal conduct; [and]

    C. to protect the public from further crimes of the defendant;…

After pleading guilty and serving a term of imprisonment, Gray did not comply with the conditions of supervised release. Prior to her revocation, Gray was sanctioned for possessing an unauthorized item. During an office visit on May 21, 2019, Gray admitted to possessing and using methamphetamines on May 16, 2019, approximately 8 days after completing inpatient substance abuse treatment at CADA in Bossier City, Louisiana, After being referred to three other treatment facilities (Oxford House, Sober Nest, and Rays of Sonshine), Gray was unable to become enrolled due to positive drug tests, and/or due to her refusal to complete the required treatment. Gray told Intake personnel at Rays of Sonshine that she was "ready to do her jail time."

Gray has not demonstrated she will not pose a danger to the community if released. Additionally, in examining the 18 U.S.C. 3553(a) factors, to reduce Gray's sentence would not reflect the seriousness of the offense, would not promote respect for the law, and would not afford an adequate deterrence to criminal conduct.

This Court additionally notes that although Gray's projected release date is February 10, 2021, Gray is scheduled to be transferred to a halfway house on October 14, 2020 and if accepted into a halfway house, would be eligible for home confinement on November 30, 2020.

## V. CONCLUSION

For the above reasons, Defendant Chanel Pamela Gray's Letter Motion for Compassionate Release [Doc. No. 15 in 18-CR-00263 and Doc. No. 13 in 18-CR-00264] is DENIED.

MONROE, LOUISIANA, this 7th day of October, 2020.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE